IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WyoSayNo, Sierra Club, and Natural Resources Defense Council, Inc., <br><br> Plaintiffs, <br> v. <br><br> U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement, <br><br> Defendants. | Case No. 1:21-cv-5663 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Defendant U.S. Department of Homeland Security (DHS) and Defendant U.S. Immigration and Customs Enforcement (ICE) are violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to provide records requested by Plaintiffs WyoSayNo, Sierra Club, and Natural Resources Defense Council (NRDC).

2. In early 2017, DHS, ICE, private prison corporations, and local officials in Uinta County, Wyoming, began discussing a proposed immigration detention facility in or near Evanston, Wyoming. Plaintiffs participated in the public discussions about this proposed facility and have repeatedly disseminated information about the proposal to the local community about the possible impact of the proposed facility on families, the community, and the environment.

3. Plaintiffs submitted a FOIA request to DHS and ICE on March 10, 2020, requesting all records related to plans to build and/or operate the proposed facility, and all records concerning any environmental review of the proposed facility. By law, DHS and ICE were required to respond by April 7, 2020. Despite Plaintiffs' repeated attempts to contact

1

agency officials, Defendants failed to substantively respond to Plaintiffs' FOIA request within the statutory time period.

4.      Plaintiffs seek a declaration that DHS and ICE have violated FOIA by failing to provide a final determination by the statutory deadline, and by failing to produce responsive documents promptly thereafter. Plaintiffs respectfully request that the Court order Defendants to disclose, without further delay, all responsive records and that it retain jurisdiction to ensure that all nonexempt records are produced. Plaintiffs also seek a declaration that, pursuant to FOIA, they are entitled to a fee waiver for their FOIA request to Defendants.

## THE PARTIES

5.      Plaintiff WyoSayNo is an immigrant and person of color-led grassroots coalition of individuals and organizations committed to stopping the proposed immigration detention facility in Uinta County, Wyoming. WyoSayNo's mission is to protect rural Wyoming communities by keeping immigrant families together and advocating against privately owned and operated detention facilities, including the proposed Uinta County facility. As part of that mission, since its founding in 2017, WyoSayNo has engaged in advocacy and public education around the proposed Uinta County facility, the harm immigrant detention causes families and communities, and the dangerous conditions of confinement at private detention facilities across the country.

6.      Plaintiff Sierra Club is a national nonprofit organization with 67 chapters and more than 830,000 members dedicated to exploring, enjoying, and protecting the wild places of the earth; to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives. Sierra Club

Wyoming Chapter has more than 1,200 members, and it is dedicated to the protection and preservation of the natural and human environment in Wyoming, including but not limited to wetlands, rivers, streams, forests and wildlife.

7.      Plaintiff NRDC is a national and international nonprofit environmental and public health membership organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment. NRDC has a long history of disseminating information of public interest, including information obtained through FOIA requests. NRDC has over 440,000 members nationwide with more than 770 members in Wyoming.

8.      Defendant DHS is a federal agency within the meaning of FOIA, 5 U.S.C. §§ 551(1), 552(f)(1), and possesses or controls the records that Plaintiffs seek.

9.      Defendant ICE is a federal agency within the meaning of FOIA, 5 U.S.C. §§ 551(1), 552(f)(1), and possesses or controls the records that Plaintiffs seek.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 552(a)(4)(B) (FOIA).

11.     Venue is proper in the Southern District of New York because Plaintiff NRDC resides and maintains its principal place of business in this district. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

12.     FOIA requires federal agencies to release information to the public upon request, unless any one of nine statutory exemptions applies. 5 U.S.C. § 552(a)-(b).

13. Within twenty business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. *Id.* § 552(a)(6)(A)(i). The agency must "immediately notify" the requester of "such determination and the reasons therefor." *Id.*

14. DHS's regulations implementing FOIA provide that the agency "shall acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process." 6 C.F.R. § 5.6(b). Once the agency makes the determination to grant or deny the request in part or in full, it must notify the requester in writing. *Id.* § 5.6(c)-(d).

15. In specified "unusual circumstances," an agency may extend the twenty-day time limit for responding to a FOIA request by up to ten working days. 5 U.S.C. § 552(a)(6)(B)(i). In such cases, the agency must provide "written notice" to the requester setting forth the unusual circumstances and the date by which it expects to make the determination to grant or deny the request. *Id.*

16. Once an agency determines that it will comply with the request, it must "promptly" release responsive, nonexempt records to the requester. *Id.* § 552(a)(6)(C)(i). After DHS makes this determination, it is also required to notify the requestor of any associated fees and of the availability of its FOIA Public Liaison for assistance. 6 C.F.R. § 5.6(c).

17. If the agency fails to comply with the statutory time limits, the requester is deemed to have exhausted her administrative remedies and may immediately file suit. 5 U.S.C. § 552(a)(6)(C)(i). District courts may enjoin an agency from withholding agency records and "order the production of any agency records improperly withheld." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

18.     In the spring of 2017, Management & Training Corporation (MTC), a private prison corporation, approached Evanston, Wyoming, officials about a proposal to build and operate a new ICE detention facility in the area. These discussions led to both the Evanston City Council and the Uinta County Commission passing resolutions in support of the project and MTC's operation of a facility in the summer of 2017. Around that time, local media reported that MTC submitted an unsolicited proposal to ICE to build and operate a detention facility in the Salt Lake City, Utah area, which is approximately 85 miles from Evanston, Wyoming.

19.     In October 2017, DHS and ICE released a Request for Information (RFI) to identify multiple possible immigration detention facilities, including in the Salt Lake City area.

20.     MTC ultimately withdrew its submission to ICE to operate the facility, but CoreCivic, another private prison corporation, pursued the contract with ICE to operate the proposed facility in MTC's place. Again, Evanston City Council and the Uinta County Commissioners passed resolutions in support of CoreCivic's bid, and the Commissioners voted to enter into an agreement to provide CoreCivic a year to consider purchasing 60 acres of land near Bear River State Park from the County for an undisclosed sum.

21.     In 2019, DHS and ICE released a Request for Proposal, Notice ID 70CDCR19R00000009, to formally solicit contractors to operate a new immigration detention facility that would provide "detention, food, and transportation services" within 90 miles of the Salt Lake City Enforcement and Removal Operations Field Office. The Request for Proposal included Attachment 14, a 12-page guidance document describing the procedures for complying with the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, for the proposed facility.

22. On March 3, 2020, NRDC sent a letter by email to DHS and ICE requesting any information related to the NEPA process for the facility, including any environmental review, including draft reviews, required by NEPA, 42 U.S.C. § 4231 *et seq.*, and implementing regulations. Plaintiffs further requested that DHS provide notice by mail and email of any NEPA-related hearings and public meetings, and the future availability of environmental documents related to Request for Proposal Notice ID 70CDCR1900000009. ICE responded stating that the agency would include NRDC in the requested correspondence, but that no NEPA compliance document had been drafted or finalized to date.

23. On March 10, 2020, NRDC submitted a FOIA request by email pursuant to 5 U.S.C. § 552 and 6 C.F.R. Part 5 to ICE and DHS, specifically requesting all records: (1) reflecting any plans to build and/or operate an immigration detention center in or near Evanston, Wyoming, including, but not limited to, correspondence and contracts with CoreCivic and MTC; and (2) reflecting past, ongoing, and future environmental review of the facility, including scoping or other records prepared or submitted under NEPA, 42 U.S.C. § 4321 *et seq*. Plaintiffs requested that the documents be released on a rolling basis. Neither DHS nor ICE acknowledged or responded to the FOIA request at that time.

24. On March 16, 2020, NRDC sent DHS and ICE a second email, requesting a confirmation of receipt of Plaintiffs' FOIA request. Neither agency responded to Plaintiffs' March 16, 2020, email.

25. On April 6, 2020, CoreCivic notified Uinta County officials that the corporation no longer intended to submit a response to the ICE Request for Proposal. Nevertheless, a Uinta County Commissioner has stated that CoreCivic's decision to withdraw does not mean that construction of an ICE facility in Uinta County is "never going to happen."

26. On April 10, 2020, ICE emailed NRDC requesting clarification of the timeframe for the FOIA documents requested and requesting a response within 30 days.

27. On April 16, 2020, Plaintiffs replied to ICE's email, agreeing to narrow the request to a timeframe of January 1, 2017, to present. Plaintiffs also asked when it could expect to receive the responsive records.

28. On April 17, 2020, ICE finally confirmed, via email, receipt of NDRC's FOIA request. In the email ICE invoked the 10-day extension under 5 U.S.C. § 552(a)(6)(B).

29. On April 30, 2020, Plaintiffs reached out to DHS and ICE to inform them the statutory period to respond to Plaintiffs' FOIA request had lapsed and to again ask when the records could be expected. Plaintiffs did not receive a response.

30. After almost a month of silence from DHS and ICE, Plaintiffs sent an email on May 28, 2020, informing DHS and ICE that Plaintiffs still had not received a substantive response or responsive records.

31. On June 8, 2020, ICE responded that the agency had communicated with DHS about the existence of responsive records and that, if any responsive records were located, they would be released as soon as possible. Neither DHS nor ICE have provided a substantive response or released any records.

32. On February 23, 2021, Plaintiffs sent an email again informing DHS and ICE that Plaintiffs had still not received a substantive response to their FOIA request or responsive records. To date, Plaintiffs have not received a response to this email.

33. The statutory deadline for ICE and DHS to make a determination on Plaintiffs' request was April 7, 2020.

**CLAIM FOR RELIEF**

34. Plaintiffs incorporate by reference all preceding paragraphs.

35. Plaintiffs have exhausted all administrative remedies.

36. Plaintiffs have statutory rights under FOIA to receive a determination on their March 10, 2020 request by the statutory deadlines, which have passed, and to promptly obtain all records responsive to their request and not exempt from disclosure.

37. Defendants have violated their statutory duty under FOIA, 5 U.S.C. § 552(a), to respond to Plaintiffs' March 10, 2020 request by the statutory deadlines and to release all nonexempt, responsive records to Plaintiffs.

38. Because ICE and DHS failed to comply with FOIA's statutory deadlines, Plaintiffs have a right to obtain responsive records from ICE and DHS without being assessed any search or duplication fees. *Id.* § 552(a)(4)(A)(ii)(II), (viii)(I). Plaintiffs are also entitled to a fee waiver because the disclosure of responsive records is likely to contribute to public understanding of government activities and is not in Plaintiffs' commercial interest. *Id.* § 552(a)(4)(A)(iii).

**REQUEST FOR RELIEF**

Plaintiffs respectfully request that this Court enter judgment against the defendant agencies as follows:

A. Declare that DHS and ICE have violated FOIA by failing to issue a determination on, and by failing to produce nonexempt records responsive to, Plaintiffs' FOIA request by the statutory deadlines;

B. Order DHS and ICE to disclose all responsive, nonexempt records to Plaintiffs without further delay and without charging search or duplication costs;

  C. Retain jurisdiction over this case to rule on any assertions by either agency that certain responsive records are exempt from disclosure;

  D. If either agency contends that any responsive records are exempt or partially exempt from disclosure under FOIA, order each agency to produce a *Vaughn* index identifying any withheld records or parts thereof and the basis for the withholdings, and require DHS and/or ICE to prove that its decision to withhold or redact any such records is justified by law;

  E. Order DHS and ICE to grant Plaintiffs' fee waiver request in full;

  F. Award Plaintiffs their costs and reasonable attorneys' fees; and

  G. Grant such other relief that the Court considers just and proper.

Dated: June 30, 2021        Respectfully submitted,

              /s/ Sarah C. Tallman
              Sarah C. Tallman
              IL Bar No. 6310294
              Natural Resources Defense Council
              20 N. Wacker Dr., Ste. 1600
              Chicago, IL 60606
              (312) 651-7918
              stallman@nrdc.org
              *Pro hac vice admission pending*

              *Counsel for Plaintiffs WyoSayNo, Sierra Club, and Natural Resources Defense Council, Inc.*