DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: REBECCA R. FRIEDMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2614
Facsimile:  (212) 637-2686
Email: rebecca.friedman@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WYOSAYNO, SIERRA CLUB, AND NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY AND U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | Case No. 1:21-cv-5663<br><br>**ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") (collectively "Defendants") by their attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answer the Amended Complaint of WyoSayNo, Sierra Club, and Natural Resources Defense Council, Inc. ("Plaintiffs"), filed on January 4, 2022, upon information and belief as follows:

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF[1]

1. Paragraph 1 contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 1. DHS avers that it has no record of receiving a FOIA request from Plaintiff dated March 10, 2020 or any related correspondence and that DHS only received a FOIA request from Plaintiffs dated September 27, 2021.

2. Defendants admit that requests for proposals to private prison corporations related to plans to build and operate an immigration detention facility in or near Evanston, Wyoming in 2018 were issued. The remaining allegations in Paragraph 2 contain Plaintiffs' characterization of the work that they engage in that do not set forth a claim for relief or aver facts in support of a claim, to which no response is required; to the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

3. The first sentence of Paragraph 3 contains Plaintiffs' characterization of their FOIA Request, to which no response is required. To the extent a response is deemed required, ICE admits that Plaintiffs submitted a FOIA request to ICE on March 10, 2020, and respectfully refers the Court to Plaintiffs' FOIA request for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein. DHS avers it never received the FOIA request dated March 10, 2020 allegedly sent by Plaintiffs. DHS admits that it did receive the FOIA request sent by Plaintiffs on September 27, 2021 and respectfully refers the Court to this

---

[1] Merely for ease of reference, Defendants' Amended Answer replicates the headings contained in the Amended Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

correspondence for a complete and accurate statement of its contents. Sentences two and three of Paragraph 3 contain conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants admit in the second sentence of Paragraph 3 that the FOIA provides deadlines for responding to requests and respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein. Defendant DHS admits only that it produced all of the records responsive to Plaintiffs' September 27, 2021 FOIA request on January 3, 2022, and respectfully refers the Court to this January 3, 2022 correspondence for a complete and accurate statement of its contents. The remainder of the first sentence of Paragraph 3 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute and regulation cited for a complete and accurate reading of their contents and deny any allegations that are inconsistent herein.

4. Paragraph 4 contains conclusions of law and Plaintiffs' request for relief, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 4.

## THE PARTIES

5. Paragraph 5 contains Plaintiff WyoSayNo's characterization of the work that it engages in, to which no response is required. To the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

6. Paragraph 6 contains Plaintiff Sierra Club's characterization of the work that it engages in, to which no response is required. To the extent that a response is deemed required,

Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

7. Paragraph 7 contains Plaintiff NRDC's characterization of the work that it engages in, to which no response is required. To the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

8. DHS admits that it is a federal executive branch agency subject to the FOIA. The remaining allegation in Paragraph 8 consist of conclusions of law, to which no response is required. To the extent that a response is required, DHS denies the allegations.

9. ICE admits that it is a component of DHS and an agency of the United States of America subject to the FOIA. The remaining allegation in Paragraph 9 consist of conclusions of law, to which no response is required. To the extent a response is deemed required, ICE admits that it has possession of records that may be responsive to the request and denies the remaining allegations contained in Paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 contains conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit only that this Court has jurisdiction subject to the limitations of the FOIA and deny the remaining allegations.

11. Paragraph 11 contains conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district.

## STATUTORY FRAMEWORK

12. Paragraph 12 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute cited for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein.

13. Paragraph 13 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute cited for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein.

14. Paragraph 14 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the regulation cited for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein.

15. Paragraph 15 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute cited for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein.

16. Paragraph 16 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute and regulation cited for a complete and accurate reading of their contents and deny any allegations that are inconsistent herein.

17. Paragraph 17 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute

cited for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein.

## FACTUAL BACKGROUND

18. Paragraph 18 contains allegations about the actions of Management & Training Corporation ("MTC"), the Evanston City Council and the Uinta County Commission related to an MTC proposal to build and operate a new ICE detention facility in the area, that do not set forth a claim for relief or aver facts in support of a claim, to which no response is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein.

19. Defendants admit the allegations contained in Paragraph 19.

20. Paragraph 20 contains allegations regarding the MTC submission, CoreCivic's bid, and the actions taken by the Evanston City Council and Uinta County Commissioners, that do not set forth a claim for relief or aver facts in support of a claim, to which no response is required. To the extent that a response is deemed required, as to the first sentence in Paragraph 20, Defendants admit that MTC withdrew its submission to ICE to operate the facility and that CoreCivic pursued the contract with ICE to operate the proposed facility. As to the second sentence of Paragraph 20, Defendants admit that Evanston City Council and the Uinta County Commissioners passed resolutions in support of CoreCivic's bid, but are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein.

21. Paragraph 21 contains allegations regarding a Request for Proposal, that do not set forth a claim for relief or aver facts in support of a claim, to which no response is required. To the extent that a response is deemed required, Defendants admit the allegations.

22. Paragraph 22 contains allegations regarding Plaintiffs' interaction with Defendants prior to any FOIA request being filed, that do not set forth a claim for relief or aver facts in support of a claim, to which no response is required.  To the extent that a response is deemed required, ICE is without knowledge or information sufficient to form a believe as to the truth or falsity of the allegations in Paragraph 22, and DHS avers that it never received a March 3, 2020 letter.

23. ICE admits in the first sentence of Paragraph 23 that Plaintiffs submitted a FOIA request on March 10, 2020, and respectfully refers the Court to the FOIA request for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein.  DHS avers that DHS never received the FOIA request dated March 10, 2021 allegedly sent by Plaintiffs. DHS admits only that it did receive the FOIA request sent by Plaintiffs on September 27, 2021, and respectfully refers the Court to the September 27, 2021 correspondence for a complete and accurate statement of its contents.  The remainder of the first sentence of Paragraph 23 contains conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute and regulation cited for a complete and accurate reading of their contents and deny any allegations that are inconsistent herein.  Defendants admit the allegations in the second sentence, and respectfully refer the Court to the FOIA request for a complete and accurate reading of its contents.   Defendants admit the third sentence of Paragraph 23.

24. ICE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and DHS avers that it never directly received an email on March 16, 2020.

25. Paragraph 25 contains Plaintiffs' characterization of the conduct of CoreCivic and Uinta County officials, that do not set forth a claim for relief or aver facts in support of a claim, to

which no response is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

26. Defendants admit the allegations contained in Paragraph 26.

27. Defendants admit the allegations contained in Paragraph 27.

28. Defendant ICE admits acknowledging Plaintiffs' FOIA Request on April 17, 2020, following the clarification from Plaintiffs regarding timeframe which occurred on April 16, 2020, and that ICE invoked a 10-day extension. ICE denies the remaining allegations in Paragraph 28.

29. ICE admits the allegations contained in Paragraph 29. DHS avers that Plaintiffs did not reach out to DHS on April 30, 2020, and DHS therefore denies.

30. ICE admits in Paragraph 30 that the Plaintiffs emailed ICE regarding the status of the FOIA request and denies the remaining allegations contained in Paragraph 30. DHS denies the allegation and avers that it never received the FOIA request from Plaintiffs in March 2020 or any other correspondence in April 2020 regarding the FOIA request that is the subject of this litigation.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the existence of the June 8, 2020 correspondence. Defendants admit that at the time of answering the Complaint, ICE and DHS had not released any responsive records. However, Defendants aver that at the time of answering this Amended Complaint, both ICE and DHS had released responsive records.

32. Defendants deny in Paragraph 32 receiving a February 22, 2021 email from Plaintiffs. Defendants admit the second sentence of Paragraph 32 and aver that DHS produced the records responsive to Plaintiffs' FOIA request on January 3, 2022.

33. Paragraph 33 contains a conclusion of law, to which no response is required. To the extent that a response is deemed required, Defendant DHS admits only that it only received Plaintiffs' September 27, 2021 FOIA request and that all responsive records were provided to Plaintiffs on January 3, 2022. Defendants respectfully refer the Court to the FOIA for a complete and accurate description of its contents and deny any allegations which are inconsistent herein.

34. Defendants admit the allegations contained in Paragraph 34.

35. Defendants admit the allegations contained in Paragraph 35.

36. The allegations in Paragraph 36 contain Plaintiffs' characterization of their actions on September 27, 2021, to which no response is required; to the extent that a response is deemed required, Defendant DHS admits only that it received Plaintiffs' FOIA request dated September 27, 2021 and avers that it did not receive the request allegedly sent by Plaintiffs dated March 10, 2020.

37. Defendants admit only that it acknowledged receipt of Plaintiffs' September 27, 2021 FOIA request by letter dated October 21, 2021 and respectfully refers the Court to this October 21, 2021 correspondence for a complete and accurate statement of its contents.

38. Paragraph 38 consists of conclusions of law, to which no response is required. To the extent that a response is required, Defendant DHS admits only that it responded to Plaintiffs' September 27, 2021 request on January 3, 2022.

39. Defendants admit the allegation and aver that DHS responded to Plaintiffs' September 27, 2021 request on January 3, 2022.

## CLAIM FOR RELIEF

40. Defendants incorporate by reference all preceding paragraphs.

41. Paragraph 41 contains a conclusion of law, to which no response is required. To the extent that a response is deemed required, Defendants admit that the FOIA provides administrative remedies and respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and deny any allegations that are inconsistent herein.

42. Paragraph 42 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants admit that the FOIA provides certain deadlines and parameters regarding the production of responsive records and respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegations inconsistent herein.

43. Paragraph 43 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 43.

44. Paragraph 44 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 44.

## REQUEST FOR RELIEF

The remainder of the Amended Complaint sets forth Plaintiffs' request for relief, to which no response is required. To the extent that these paragraphs may be deemed to contain factual allegations, to which a response may be required, they are denied.

**DEFENSES**

Defendants deny each and every allegation of the Amended Complaint not expressly admitted in the Amended Answer. For its specific defenses, Defendants state as follows:

FIRST DEFENSE

Defendants are entitled to invoke all exemptions and other defenses available to them under the Freedom of Information Act and the Privacy Act.

SECOND DEFENSE

Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by any applicable FOIA exemptions or exclusions, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA.

FOURTH DEFENSE

At all times alleged in the Amended Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiffs' FOIA Request.

FIFTH DEFENSE

Defendants reserve the right to amend this Amended Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

SIXTH DEFENSE

As to some or all of the claims asserted in this action, Plaintiffs have failed to state a claim upon which relief may be granted under FOIA.

11

SEVENTH DEFENSE

Plaintiffs are not entitled to attorneys' fees or costs.

EIGHTH DEFENSE

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

NINTH DEFENSE

Plaintiffs' FOIA requests do not reasonably describe the records sought, and therefore do not comply with FOIA and/or do not trigger a search or production obligation.

TENTH DEFENSE

Plaintiffs' FOIA requests are not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

ELEVENTH DEFENSE

Plaintiff is not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

WHEREFORE, Defendants respectfully request judgment and relief against Plaintiffs as follows: (1) dismiss the Amended Complaint with prejudice; (2) enter judgment in favor of Defendants; (3) award the Defendants costs and disbursements incurred in defending this matter; and (4) grant such further relief as the Court deems just and proper.


Dated: New York, New York
       January 18, 2022

                                                    Respectfully submitted,

                                                    DAMIAN WILLIAMS
                                                    United States Attorney
                                                    Southern District of New York

By:     /s/   Rebecca R. Friedman
        REBECCA R. FRIEDMAN
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2614
        Fax: (212) 637-2786
        E-mail: rebecca.friedman@usdoj.gov